UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| | ) | 1:10-cr-160 |
| v. | ) | |
| | ) | Judge Mattice/Carter |
| | ) | |
| TITO JERMAINE CLARK | ) | |

REPORT AND RECOMMENDATION

I. Introduction

The defendant's Motion to Suppress Proceeds of Warrantless Search (Doc. 11) is pending before the undersigned Magistrate Judge having been referred by the District Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Defendant's motion arises from a traffic stop occurring on July 21, 2010, made by Officer Kyle Moses in the Highland Park area of Chattanooga. The defendant asserts the traffic stop was illegal and the subsequent search of his person and the vehicle was unlawful under the Fourth Amendment of the United States Constitution. For the reasons stated herein, It is RECOMMENDED the defendant's motion to suppress (Doc. 11) be DENIED.

II. Relevant Facts

The undersigned held an evidentiary hearing on the defendant's motion to suppress on Tuesday, March 29, 2011. Atty. Charles P. Dupree represented the defendant. The government was represented by Asst. United States Attorney Chris Poole. The only witness to testify for the government was Officer Kyle Moses of the Chattanooga Police Department. The defendant testified and called Shemika Copeland, the mother of his child, as a witness.

Officer Moses testified to the following: He has been employed by the Chattanooga Police Department for over three years. In July of 2010, he was a patrol officer. On July 21, 2010, he was conducting routine patrol in the Highland Park area of Chattanooga watching a 4 way stop. He observed a yellow Dodge automobile driven by the defendant fail to make a complete stop at the intersection. He followed the defendant to the 900 block of North Orchard Knob and turned on his blue lights. The defendant stopped, exited the car and walked around the front of the vehicle. Moses directed him to return to the vehicle. The defendant returned to the drivers seat but sat with his legs hanging out of the driver side of the vehicle. The defendant began to reach under the seat of the car. Officer Moses was unable to tell if the defendant was getting something out from underneath the seat or was concealing something. When Officer Moses initially approached the car he could smell the odor of marijuana coming from the car. At that point the defendant exited the car walking toward Officer Moses. The defendant handed him his drivers license and then continued walking past and away from Moses. Moses asked him to stop. The defendant responded "you have what you need" and continued to walk down the street away from him at a brisk walk. Officer Moses followed and the defendant picked up speed and ultimately began running. Officer Moses used his taser and the defendant fell to the ground where he was placed in handcuffs and arrested for evading arrest. Upon arresting the defendant Officer Moses searched him and found $592 in the defendant's pocket and a small baggie of marijuana.

An ambulance was called and Officer Moses asked the defendant about his physical condition. The defendant was placed in the back of a patrol car, paramedics arrived and removed

the taser probes from his back. Officer Wright also arrived on the scene. Ultimately there were four other officers at the scene.

After the defendant was checked out by the paramedics, he was advised of his *Miranda* rights and questioned about the contents of the car. According to Officer Moses, defendant told him he knew a gun was in the car. His *Miranda* warnings were read from a card but Officer Moses does not recall if anyone else was there when he read the defendant his rights.

Officer Moses and other officers then searched the car and found a bigger bag of marijuana, digital scales, and $71 in cash. Under the driver's seat, officers found a F.N. 5.7 mm caliber semi-automatic pistol. Defendant's girlfriend, Shemika Copeland, later arrived on the scene and told police officers she was the owner of the car and the gun.

Copeland testified defendant was the father of her child and ran a cleaning service with up to four employees. She confirmed the 2006 Dodge Charger was hers and she owned the pistol that was in the car. She has a gun permit and owns three other guns in addition to the firearm that was in the car.

The defendant testified he went through the 4 way stop and was pulled over by the officer. He said he did not "roll" the stop sign but slowed down, looked left and right, and proceeded through the intersection. Defendant acknowledged the officer told him he had run the stop sign and also confirmed that he handed the officer his license and walked off. He denied he was running, but did confirm he walked away and the officer followed him and eventually used the taser. He testified he lost consciousness for a second and claims another officer put his knee to his back. On direct examination defendant testified no one ever read him his *Miranda* rights but on cross examination, when asked about the individual elements of *Miranda,* he admitted

that rights were read to him on the scene and that he told the officer he understood them. He denied Officer Moses ever asked him about the gun in the car but said he told the officer he had smoked some marijuana.

III. Analysis

Counsel for defendant raised two separate issues during the the March 29, 2011 hearing, only one of which was mentioned in his motion and memorandum:

1. As set out in his written motion, defendant asserts all evidence obtained on July 21, 2010 as a result of the traffic stop must be excluded because there was no warrant or reason to search the car, no reason to make the defendant sit in the car, and no basis to search. I disagree.

When police have probable cause to believe the driver of a vehicle has committed a traffic violation, they may stop the vehicle. *United States v. Bradshaw*, 102 F.3d 204, 210 (6th Cir. 1996) (so long as the officer has probable cause to believe that a traffic violation has occurred, the resultant stop is not unlawful and does not violate the Fourth Amendment); *United States v. Ferguson*, 8 F. 3d 385, 391 (6th Cir. 1993) (A traffic stop is reasonable if there is probable cause to believe a traffic violation occurred and what else the officer suspected about the driver is irrelevant). *Also see Whren v. United States*, 517 U.S. 806, 813 (1996); *United States v. Herbin*, 343 F.3d 807, 809 (6th Cir. 2003). Here, Moses testified he saw the defendant fail to make a complete stop at a stop sign in violation of Tennessee law. *See* Tenn. Code. Ann. § 55-8-149(c) (requiring "every driver of a vehicle" to stop at a stop sign before proceeding across the street), *see also* Tenn. Code. Ann. § 55-8-101 ("'Stop,' when required, means complete cessation from movement.") I found him credible and credit his testimony.

The search of a vehicle without a warrant requires probable cause that contraband or evidence of illegal activity will be found. "Probable cause is defined as 'reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion.'" *United States v. Ferguson*, 8 F.3d 385, 392 (6th Cir. 1993) (*quoting United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990)). Whether or not an officer had probable cause to support a belief is a fact-specific question that turns on what the officer knew at the time he made the stop. *Id*. at 391. "The establishment of probable cause 'requires only a probability or substantial chance'" that an offense occurred or is occurring and does not require "an actual showing of such activity." *Id*. at 392 (*quoting Illinois v. Gates*, 462 U.S. 213, 244 n.13 (1983)). "Probable cause is a flexible, commonsense standard" that there is a reasonable probability based upon the totality of the circumstances to support the officer's belief, and "it does not demand any showing that such belief be correct or more likely true than false." *Id*. (*quoting Texas v. Brown*, 460 U.S. 730, 742 (1983)). The Court's probable cause analysis "includes a realistic assessment of the situation from a law enforcement officer's perspective." *Id*.

In this case there was abundant probable cause for the police to search the defendant's car. Immediately after the traffic stop, the defendant got out of his car and started walking in front of his car. This is unusual behavior, and in law enforcement training and experience is often consistent with a person trying to distance themselves from the vehicle for some reason, perhaps because of contraband contained therein. Officer Moses ordered the defendant back to his car, and the defendant went back, but left his legs out of the vehicle while he appeared to reach under the driver's seat. Moses could not tell if he was hiding something under the seat or getting something out. The officer was close enough to the car that he was able to smell the odor

of marijuana coming from the car. These events alone would give reasonable suspicion that criminal activity was afoot and probable cause to search the car. However, there was more to come. The defendant then got out of the car walking toward the officer and handed the officer his license. He told Moses, "you have what you need." Then, for no known reason, he continued walking away from the officer. I credit the testimony of Moses that the defendant then began to run. Moses had smelled the odor of marijuana coming from the car, seen the defendant reaching under his seat and now the defendant was leaving the scene. Officer Moses used his taser. After tasing and arresting the defendant, Officer Moses searched him incident to arrest and discovered $592 in United States currency and a small baggie of marijuana. The discovery of this evidence in combination with the defendant's originally distancing himself from the car, appearing to hide something under the driver's seat, smelling the odor of marijuana, and then walking away from both the car and the officer, clearly gave the police probable cause to arrest and search the car. As the government argues, the defendant committed a new crime, Evading Arrest under Tenn. Code Ann. 39-16-603 (b)(1), which reads in relevant part:

> It is unlawful for any person, while operating a motor vehicle on any street, road, alley or highway in this state, to intentionally flee or attempt to elude any law enforcement officer, after having received any signal from the officer to bring the vehicle to a stop.

*Id.* Officer Moses charged the defendant with this state crime and arrested him. The marijuana and large amount of cash were found in a search incident to an arrest. *Arizona v. Gant*, 129 S.Ct. 1710, 1716 (2009) (search incident to arrest permits law enforcement to search the arrestee's person and the area within his immediate control for weapons and evidence.) (citing *Chimel v. California*, 395 U.S. 752 (1969)). All of the information known to the officer at that point

provided ample probable cause to search the vehicle in which other incriminating evidence was found. Defendant's argument therefore fails.

2. At the March 29, 2011 hearing, counsel for defendant presented a second argument, that the statements should not be admitted because *Miranda* warnings were not given and if given, the defendant was woozy, dazed and semi-coherent when first questioned and there was no written *Miranda* warning and no witnesses present when the warning was given. This issue was not mentioned in defendant's motion nor in the memorandum in support (Docs. 11, 13) as required by Local Rule 7.1 (b) and for that reason, not briefed in the government's response and not fully developed at the hearing. For that reason, I decline to consider this issue at the present time because it was not properly raised. Unless defendant promptly files a supplemental motion to suppress setting forth a concise statement of the factual and legal grounds which justify the ruling sought, as required by the local rule, this issue will be considered waived.

## IV. Conclusion

For the reasons stated herein, It is RECOMMENDED that defendant's motion to suppress evidence (Doc. 11) be DENIED.[1]

*s/William B. Mitchell Carter*
UNITED STATES MAGISTRATE JUDGE

---

[1]Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 59(b)(2) of the Federal Rules of Criminal Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).