UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 1:10-cr-160 |
| v. ) | |
| ) | Judge Mattice |
| TITO JERMAINE CLARK ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant Tito Jermaine Clark's Objection to Report and Recommendation [Court Doc. 19].

Defendant filed a Motion to Suppress [Court Doc. 11] which was referred to Magistrate Judge William B. Mitchell Carter. [Court Doc. 12]. Magistrate Judge Carter held an evidentiary hearing on Defendant's Motion to Suppress and thereafter issued his Report and Recommendation ("R&R") [Court Doc. 18]. Magistrate Judge Carter recommended that Defendant's Motion to Suppress be denied. Defendant timely filed objections to Magistrate Judge Carter's R&R and the Government responded to Defendant's Objection [Court Docs. 19 & 25]. The Government also filed a Superseding Indictment. [Court Doc. 20.]

The Court has now reviewed the entire record pertinent to the instant objection, and for the reasons described below, the Court will **OVERRULE** Defendant's Objection, will **ACCEPT and ADOPT** Magistrate Judge Carter's R&R, and will **DENY** Defendant's Motion to Suppress.

**I.    STANDARD OF REVIEW**

The Court must conduct a *de novo* review of those portions of the Report and

Recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations 28 U.S.C. § 636(b)(1)(C).

## II.     FACTS

Magistrate Judge Carter held an evidentiary hearing on Defendant's Motion to Suppress on March 29, 2011, during which Officer Kyle Moses of the Chattanooga Police Department testified for the Government, Shemika Copeland testified for the Defendant, and the Defendant testified on his own behalf.  In his R&R, Magistrate Judge Carter recounted the facts developed at the evidentiary hearing.  (Court Doc. 18, R&R at 1-4). Defendant has not objected to any of the facts as outlined in Magistrate Judge Carter's R&R. Instead, Defendant's objections focus on the legal conclusions drawn from the facts. Accordingly, the Court **ADOPTS BY REFERENCE** the facts as set out in Magistrate Judge Carter's R&R.  (*Id.*)  The Court will refer to the facts only as necessary to analyze the issues raised on objection.

## III.     ANALYSIS

Defendant's Objection recites four conclusory statements which, taken together, argue that the traffic stop was illegal and that the subsequent search was therefore invalid. Three of the statements generally address the conclusions in Magistrate Judge Carter's R&R with which the Defendant disagrees.  The fourth statement reads, "[t]he testimony of the only officer was severely tainted by the contrary sworn testimony by the same officer in the preliminary hearing of the state case." (Court Doc. 19, Def.'s Objs. at 1.)  There is nothing about Officer Moses' testimony in the state preliminary hearing in Defendant's Motion to Suppress or Magistrate Judge Carter's R&R, and the Court concludes that

Defendant is making a new argument in this regard.  Because the Court cannot conduct a *de novo* review of an objection on a subject not addressed in the R&R, the Court will not address this objection.

In addition, part of one of Defendant's objections addresses Officer Moses' questioning of him after he was tasered and states that he was "still addled" during questioning.  In the R&R, Magistrate Judge Carter made note of the argument that Defendant was only semi-coherent when questioned, but indicated that it was a new argument raised at the evidentiary hearing that had not been briefed. (R&R at 7.) As such, Magistrate Judge Carter declined to consider the argument at that time, but invited Defendant to file a supplemental motion setting forth the grounds for the argument. (*Id.*) It does not appear from the record that Defendant did so, and the Court likewise declines to address an objection to an issue not included in the R&R.

The remaining objections contend that Officer Moses had no legitimate reason to order Defendant to return to his vehicle or to taser Defendant and generally attack Officer Moses' credibility with regard to the traffic stop, search, and questioning.

In his R&R, Magistrate Judge Carter found Officer Moses to be a credible witness and credited his testimony with regard to Defendant's failure to stop at the stop sign. (R&R at 4.) Magistrate Judge Carter next went through the facts that led to Defendant's arrest and found that there was probable cause to search Defendant's car. (*Id.* at 5.) Magistrate Judge Carter noted that the Defendant's actions in exiting the vehicle and walking to the front of the car were unusual and could be consistent with a person trying to distance himself from contraband in the vehicle. (*Id.*) After Officer Moses ordered Defendant back to the vehicle, Defendant got in, but left his legs out of the vehicle and seemed to be

-3-

reaching under the driver's seat. (*Id.*) Officer Moses also smelled marijuana coming from the car. (*Id.* at 5-6.) Magistrate Judge Carter found that these facts alone would have given Officer Moses reasonable suspicion of criminal activity and probable cause to search the car, but there was more – Defendant next got out of the car again, walked over and handed Officer Moses his license, and then started to walk away. (*Id.* at 6.) Magistrate Judge Carter credited Officer Moses' testimony that Defendant then began to run, and Officer Moses used his taser to stop Defendant. (*Id.*)

Magistrate Judge Carter determined that Defendant committed a crime by running away from Officer Moses and that Officer Moses had reason to arrest him by virtue of that crime. (*Id.*) When he searched Defendant incident to arrest, Officer Moses found marijuana and $592 dollars on Defendant's person. (*Id.*) Magistrate Judge Carter concluded that Officer Moses had probable cause to search the car based on all these facts, but particularly because he smelled marijuana and found marijuana on Defendant, who seemed to be trying to distance himself from the car and may have been hiding something under the driver's seat. (*Id.*)

As a preliminary matter, the Court fails to discern any need to hear live testimony at a re-hearing and will not disturb the credibility determinations made by Magistrate Judge Carter. Defendant more specifically claims that Officer Moses had no reason to order him to return to the vehicle and that he had no reason to taser Defendant. To the contrary, the Court finds that Defendant's erratic behavior in exiting the vehicle, returning to the vehicle, reaching under the seat, and leaving the vehicle again only to attempt to walk away from Officer Moses – coupled with the smell of marijuana emanating from the vehicle – gave

-4-

Officer Moses several reasons to ask Defendant to return to the vehicle, not the least of which was the simple need to conclude the traffic stop currently in progress. The Court does not find, as Defendant suggests, that Officer Moses' request for Defendant to return was motivated by a desire to conduct an illegal search of the vehicle. Indeed, the Court finds that no such illegal search took place. Moreover, when Defendant failed to stop upon Officer Moses' command and instead started running away, Officer Moses had a valid reason to use his taser to stop Defendant, as he was then committing the crime of evading arrest.

The Court concludes that Magistrate Judge Carter properly applied the applicable law to the facts of the case to determine that Officer Moses had probable cause to search the vehicle. Defendant's objections are without merit and will be **OVERRULED**.

## IV. CONCLUSION

For the reasons explained above, the Court **ORDERS** the following:

- Defendant's Objections [Court Doc. 19] are **OVERRULED**;

- Magistrate Judge Carter's R&R [Court Doc. 18] is **ACCEPTED and ADOPTED**; and

- Defendant's Motion to Suppress Statements [Court Doc. 11] is **DENIED**.

**SO ORDERED** this 1st day of July, 2011.

                                         /s/Harry S. Mattice, Jr.
                                         HARRY S. MATTICE, JR.
                                         UNITED STATES DISTRICT JUDGE

-5-

Case 1:10-cr-00160   Document 29   Filed 07/01/11   Page 5 of 5   PageID #: 70